UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT W.,                                       )
                                                 )
        *Plaintiff*                            )
                                                 )
v.                                               )  No. 2:17-cv-00359-DBH
                                                 )
NANCY A. BERRYHILL,                              )
*Acting Commissioner of Social Security,*        )
                                                 )
        *Defendant*                            )

***REPORT AND RECOMMENDED DECISION*[1]**

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in (i) evaluating pain-related limitations in persistence and pace, (ii) assigning only partial weight to a functional capacity evaluation, and (iii) relying on vocational testimony unsupported by substantial evidence. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 4-16. I agree that the ALJ erred in determining the plaintiff's pain-related persistence and pace limitations and that this error undermined her reliance on the vocational expert's testimony at Step 5. On that basis, I recommend that the court vacate the commissioner's decision and remand this case for further

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

proceedings consistent herewith.  I need not and do not reach the plaintiff's additional point regarding the functional capacity evaluation.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2017, Finding 1, Record at 31; that he had the severe impairments of degenerative osteoarthritis of the left hip, degenerative disc disease of the lumbar spine, asthma, chronic obstructive pulmonary disease, and chronic pain, Finding 3, *id*.; that he had the residual functional capacity ("RFC") to lift 10 pounds frequently and 25 pounds occasionally, was limited to sitting for 40 minutes at a time for a total of six hours in an eight-hour workday, could stand or walk for 30 minutes at a time for a total of four hours in an eight-hour workday, needed to avoid environmental irritants, chemicals, and fumes, as well as hazards and vibrations, could not climb or crawl and could only occasionally kneel and stoop, and could not work in a fast-pace work environment, Finding 5, *id*. at 33; that, considering his age (45 years old, defined as a younger individual, on his alleged disability onset date, October 1, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 41; and that he, therefore, had not been disabled from October 1, 2013, through the date of the decision, August 2, 2016, Finding 11, *id*. at 42.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of*

*Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The ALJ determined, in relevant part, that the plaintiff could not "work in a fast pace work environment." Finding 5, Record at 33. She gave "great weight" to the testimony at hearing of medical expert Leonard Rubin, M.D., who had opined, *inter alia*, that "it was medically reasonable to find that pain would limit the [plaintiff]'s concentration and pace." *Id*. at 39. She elaborated:

> As for the portion of [Dr. Rubin's] opinion with respect to concentration and pace, his assessment was somewhat vague and without specific, quantifiable limitations, rendering it of less probative value. The undersigned included a limitation against fast-paced work, consistent with the doctor's testimony and with the previously outlined weight of the evidence.

*Id.*

She observed that Frank Graf, M.D., a physician who had completed a disability evaluation at the request of the plaintiff's representative, had concluded, *inter alia*, that the plaintiff "would be impaired in maintaining pace by reason of shortness of breath with exertion and chronic pain" and that "pain would limit persistence and pace." *Id*. (citation omitted). However, she stated that she gave less weight to the Graf opinion because it was "inconsistent with his benign examination"

3

and unsupported by "the substantial weight of the record, including other benign physical examinations, only mild or moderate abnormalities on diagnostic studies, the [plaintiff]'s treatment history showing improvement, and his largely intact activities of daily living." *Id*. at 39-40.

The plaintiff argues that, while the ALJ purported to adopt a limitation consistent with Dr. Rubin's testimony, her finding is unsupported by that testimony and appears to have been the product of her own layperson's interpretation of the raw medical evidence. *See* Statement of Errors at 4-7. I agree.

At hearing, after noting that Dr. Graf had stated that the plaintiff's pain would limit his persistence and pace, the plaintiff's counsel asked Dr. Rubin whether it was "medically reasonable that that is an accurate limitation for somebody with [the plaintiff]'s medically determinable impairments[.]" Record at 67. Dr. Rubin testified, "Yes, I think it's a reasonable statement." *Id*.

The ALJ then asked Dr. Rubin, "[H]ow would it limit his pace in your view, medically, in what way?" *Id*. at 67-68. Dr. Rubin responded: "Well, with any pain, Your Honor, particularly in a weight bearing joint, it's hard to imag[in]e the patient continuing to be able to function the way an employer would expect if the pain was so disabling that he had to take narcotics, which he does." *Id*. at 68.

As the plaintiff observes, "there is a disconnection between Dr. Rubin's testimony and the ALJ's limitation prohibiting fast-paced work." Statement of Errors at 6. While, at oral argument, the plaintiff's counsel conceded that the ALJ's limitation was appropriate with respect to pace, she contended that the ALJ had ignored Dr. Rubin's testimony bearing on persistence. Indeed, as the plaintiff's counsel observed at oral argument, Dr. Rubin's testimony suggests that he doubted that the plaintiff was capable of persisting at any pace. *See* Record at 68. In that respect, the ALJ's

4

limitation is also unsupported by the opinion of Dr. Graf, the only other medical source of record who addressed the issue of pain-related persistence and pace limitations. *See id.* at 761, 767.

"While it is the claimant's burden at Step 4 to produce evidence of his RFC, the commissioner's determination at Step 4 regarding RFC must be supported by substantial evidence." *Staples v. Astrue*, Civil No. 09-440-P-S, 2010 WL 2680527, at *5 (D. Me. June 29, 2010) (rec. dec., *aff'd* July 19, 2010) (citations omitted). "The First Circuit has held, and has reaffirmed on several occasions, that an [ALJ], as a layperson, is not qualified to assess RFC based on raw medical evidence, except to the extent that commonsense judgments regarding RFC can be made." *Id.* (citation omitted).

In her brief, and through counsel at oral argument, the commissioner disputed that the ALJ derived the limitation at issue from lay interpretation of the raw medical evidence, contending that it comported not only with Dr. Rubin's testimony but also with the weight of the evidence as the ALJ had previously outlined it. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 5-7; Record at 39. She asserted that this court has concluded that a limitation against fast-paced work encompasses deficits in persistence as well as pace. Opposition at 7-8 (citing *Staples*, 2010 WL 2680527, at *7; *Morrison v. Astrue*, Civil No. 09-141-P-S, 2009 WL 5218058, at *6 (D. Me. Dec. 30, 2009) (rec. dec., *aff'd* Feb. 16, 2010)). She argued, in the alternative, that even if the ALJ's limitation did not address the plaintiff's ability to persist, her finding was consistent with the Rubin testimony and the weight of the evidence. *See id.* at 8. Furthermore, she added that, to the extent that Dr. Rubin based any persistence limitations on the plaintiff's subjective complaints, the ALJ was not required to adopt them. *See id.* at 8 (citing *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *4 (D. Me. Jan. 29, 2014)).

However, as the plaintiff's counsel rejoined at oral argument, *Staples*, *Morrison*, and *Bailey* are distinguishable. In *Staples* and *Morrison*, the court determined that, in assessing claimants' mental RFC, agency nonexamining consultants' findings of limitations against fast-paced work or high-production-goal work comported with their more general findings at an earlier stage of analysis that those claimants had moderate limitations in "concentration, persistence, or pace." *Staples*, 2010 WL 2680527, at *6-7; *Morrison*, 2009 WL 5218058, at *6. This case, by contrast, involves limitations caused by chronic pain rather than mental impairment, and the question presented is whether an ALJ's RFC finding is supported by substantial evidence, not whether a psychologist's or psychiatrist's findings are internally consistent.

In *Bailey*, the claimant challenged an ALJ's adoption of the opinion of an agency examining consultant over those of a treating physician and a medical expert who had testified at the claimant's hearing. *See Bailey*, 2014 WL 334480, at *2. In that context, the court observed that the ALJ was not obliged to adopt the medical expert's testimony to the extent predicated on the plaintiff's subjective complaints. *See id*. at *4. Here, the ALJ purported to adopt a limitation consistent with the medical expert's testimony. *See* Record at 39. Moreover, as the plaintiff's counsel observed at oral argument, Dr. Rubin pointed to the side effects of the narcotics the plaintiff was taking to control his chronic pain, rather than to his subjective complaints. *See id*. at 68.

As discussed above, there is a disconnection between the ALJ's limitation against fast-paced work and the testimony of Dr. Rubin on which she purported to rely. To the extent that she filled the gap with her own lay interpretation of the raw medical evidence, the judgment she made was not a commonsense one. Her RFC finding, therefore, is unsupported by substantial evidence. That, in turn, undermines her reliance at Step 5 on the testimony of a vocational expert predicated

on the flawed RFC, warranting remand.  *See* Record at 41-42, 69-71; *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 2nd day of July, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge